BERTHA GILL, Plaintiff-Appellee, *v.* JAMES F. McCOLLUM, Defendant-Appellant.

(No. 74-8;

Fifth District—April 17, 1974.

*Rehearing denied May 20, 1974.*

Glenn & Logue, of Mattoon, for appellant.

Robert F. A. Stocke, of Louisville, and William R. Todd, of Flora, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiff filed suit in the Circuit Court of Clay County to enjoin defendant from using a well on her land for disposal of salt water from other leases and for damages. After a hearing, the injunction was granted. This case is an interlocutory appeal from an order entered on December 5, 1973, temporarily enjoining the defendant from injecting disposal salt water from adjoining leases into the oil well in question.

The well in question was drilled in May 1973 to the Aux Vases formation. Defendant claims it is a producing well from that formation, while plaintiff claims it is a dry hole. No oil has been sold from the lease. There are tanks on the lease which contain a mixture of oil and salt water, but defendant was unable to state how much of the fluid was oil. It is undisputed that defendant obtained a permit to convert the well into a combination oil and disposal well; that a packer was inserted above the Aux Vases formation and below the Cypress formation. This permits pumping from the Aux Vases formation and injection of salt water in the Cypress formation. At the time of the hearing defendant was injecting salt water pumped from the Aux Vases and salt water from three other leases he owned into the Cypress formation. Since there was no attempt to produce the Cypress formation, it was admitted that it was of no benefit to plaintiff to inject salt water from other leases into the well.

Defendant's position is that the right to use this well for the disposal of salt water from other leases is granted to him by the terms of the lease.

The relevant provisions of the lease are as follows:

"(1) Lessor, in consideration of ONE DOLLAR ($1.00) in hand paid, receipt of which is hereby acknowledged, and of the royalties herein provided and of the agreements of the Lessee, herein contained, hereby grants, leases and lets exclusively unto Lessee for the purpose of investigating, exploring, prospecting, drilling, mining and operating for and producing oil, liquid hydrocarbons, all gases and their respective constituent products, injecting gas, waters, other fluids and air into subsurface strata, laying pipe lines, storing oil, building tanks, ponds, power stations, telephone lines, and other structures and things thereon to produce, save, take care of, treat, manu-

facture, process, store and transport said oil, liquid, hydrobons, gases and their respective constituent products and other products manufactured therefrom together with the rights of ingress and egress thereto or to other land under Lease to Lessee. * * *

(2) Subject to the other provision herein contained, this Lease shall remain in force for a term of one year from this date [called 'primary term'] and as long thereafter as oil, liquid, hydrocarbons, gas, or their respective constituent products or any of them is produced from said land or land with which said land is pooled; provided, however, that for injection purposes this Lease shall continue in full force and effect only as to the subsurface strata or stratas into which such injections are being made together with such surface privileges as may be necessary or desirable to continue such injections."

■■ Since the primary purpose of an oil and gas lease is to obtain production the above provisions must be read with this purpose in mind. The injection must have some relation to the primary purpose of obtaining production. Since in this case there was none, the injunction was properly granted.

Judgment affirmed.

G. MORAN, P. J., and CARTER, J., concur.